# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**TYRONE JACKSON, JR.**                                                                    **PLAINTIFF**

v.                                                                                       **No. 5:25-cv-90-BJB**

**OKIE MOORE DIVING AND**                                                                  **DEFENDANT**
**MARINE SALVAGE, LLC**

**\* \* \* \* \***

### OPINION & ORDER DISMISSING CASE WITHOUT PREJUDICE

Tyrone Jackson worked for Okie Moore as a deckhand before he suffered an injury. According to his complaint (DN 1 at 3), someone helping him change a Bobcat air filter slammed a door on his finger. Jackson sued Okie Moore in this Court for those injuries under the Jones Act.

Okie Moore answered (DN 5), the parties commenced discovery, and the magistrate judge scheduled and held a pretrial scheduling conference. *See* Scheduling Conference Order (DN 9); FED. R. CIV. P. 16. Two months later, after the exchange of some written discovery and the scheduling (if not the taking) of some depositions, Jackson moved to voluntarily dismiss his complaint without prejudice. *See* FED. R. CIV. P. 41(a)(2). Jackson explained that he wished to refile his lawsuit in state court in Memphis (where Okie Moore is headquartered) under the "Savings to Suitors" clause, 28 U.S.C § 1333, which reserves the rights of admiralty litigants to bring cases in federal or state courts: "The district courts shall have original jurisdiction … of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

When a Defendant has answered and not stipulated to dismissal, a district judge may nonetheless dismiss a case, "at the plaintiff's request … on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "Whether voluntary dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court." *Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019). The "primary purpose" of the rule requiring judicial approval "is to protect the non-movant from unfair treatment." *Id.* Courts in this Circuit may consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

During a hearing held by the Court on this motion, *see* DN 16, Plaintiff's counsel stipulated that, to reduce inefficiency and cost, his client would not oppose the reuse of all applicable federal-court filings in state court. Plaintiff's counsel also stipulated that he would not oppose—at least not on timeliness grounds—a later motion by Okie Moore for payment of any costs or fees the Court deemed appropriately traceable to this motion. Given these concessions, Okie Moore would not "suffer plain legal prejudice" by a dismissal without prejudice. *Grover*, 33 F.3d at 718. The case is in the early stages of discovery and no motions (other than this one) have been filed. No one has accused Jackson of a lack of diligence in filing or pursuing this motion. And the parties agree that most of the discovery and litigation efforts conducted so far will be usable in Tennessee litigation. Particularly given the minimal redundancy or unfairness associated with a dismissal, and the awkwardness of forcing a plaintiff to pursue a case against his wishes, the Court grants the motion for voluntary dismissal without prejudice.

As noted, defense counsel has signaled that his client may request an award of fees and costs associated with the voluntary dismissal and any unnecessary or duplicative legal work undertaken in federal court. *See* Defendant's Response to Motion (DN 12) at 4; *see also Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) ("[D]ismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice."). Given the agreement of Plaintiff's counsel not to oppose such a motion on timeliness grounds, Okie Moore may at the appropriate time file a motion for fees or costs. At this time, of course, the Court takes no position on the likelihood of success of such a motion, or the magnitude of any award if granted. *See GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364, 368–69 (D.C. Cir. 1981) (voluntary dismissal without prejudice "was … no less voluntary simply because the award followed the entry of the dismissal order").

**\* \* \***

For the reasons stated above and on the record during the hearing, the Court grants Jackson's motion to dismiss without prejudice (DN 11), directs the Clerk to close the case, and orders the parties to confer and file a joint status report within 120 days or promptly after any significant developments—whichever may come sooner—regarding a potential motion for fees and costs.